**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| Nicole Doran, Individually and on Behalf of Others Similarly Situated, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-cv-422 |
| | § | |
| NealTom Galveston, LLC d/b/a McNeal's Tavern; NealTom DTGalveston LLC; NealTom, LLC; Chris O'Neal, Individually; and Thomas McGill, Individually, | § | |
| Defendants. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**Summary of Lawsuit**

Defendants NealTom Galveston, LLC d/b/a McNeal's Tavern, NealTom DTGalveston LLC, and NealTom, LLC run three Irish pubs called McNeal's Tavern, two in Galveston and one in Plano. Chris O'Neal and Thomas McGill, also Defendants, own and run the pubs (together with the three companies, "Defendants"). Defendants have a business plan that includes paying their servers and bartenders nothing except the tips their customers leave. The Fair Labor Standards Act ("FLSA") requires an employer to pay at least $7.25 for every hour worked. An employer may count a tipped worker's tips toward part of that wage, but only if the employer pays the worker a cash wage of at least $2.13 an hour. For years, Defendants paid their servers and bartenders no wages and did not track their time. In about the middle of 2026, Defendants began using a system to track time and pay, but it still does not capture all the time the servers and bartenders work, and Defendants still do not pay them $2.13 an hour for all the hours they work. That practice gives Defendants an unfair advantage over competitors who follow the law. Defendants hired Plaintiff Nicole Doran ("Doran" or "Plaintiff") as a server and bartender at the McNeal's Tavern on Seawall Boulevard in Galveston and have paid her nothing but tips. Doran, on behalf of herself and all

others similarly situated, brings this lawsuit to recover the minimum wages and overtime pay the FLSA requires, an equal amount as liquidated damages, and her attorney's fees and costs.

**Facts Supporting Relief**

**Allegations Related to Plaintiff's and Co-Workers' Claims**

1. Defendant NealTom Galveston, LLC runs the McNeal's Tavern at 6612 Seawall Boulevard in Galveston, Texas (the "Seawall pub").

2. Defendant NealTom DTGalveston LLC runs the McNeal's Tavern Downtown at 2013-2015 Postoffice Street in Galveston, Texas (the "Downtown pub").

3. Defendant NealTom, LLC runs the McNeal's Tavern at 1422 K Avenue in Plano, Texas (the "Plano pub").

4. Defendants Chris O'Neal ("O'Neal") and Thomas McGill ("McGill") own the three pubs and the three companies that run them. O'Neal is the manager of NealTom Galveston, LLC and of NealTom, LLC. McGill is the registered agent of NealTom Galveston, LLC and of NealTom DTGalveston LLC. O'Neal and McGill are both involved in running the pubs day to day.

5. The three pubs share the McNeal's Tavern name, the same owners, and the same pay practices. They are a single enterprise run for the common business purpose of selling food and drink under the McNeal's Tavern name.

6. Defendants hired Doran in or about March 2026 to work as a server and bartender at the Seawall pub. She still works there. She also supervises other servers at the Seawall pub.

7. When Doran first started working at the Seawall pub, she was paid solely with the tips she earned. Beginning in June or July, Defendants set Doran's pay at $2.13 an hour plus tips. Defendants have never paid Doran $2.13 an hour for all the hours she has worked. She has never received a paycheck or a pay stub from Defendants.

8. On information and belief, for years before Doran was hired, Defendants paid their servers and bartenders no wages at all and did not keep a record of the hours they worked. That was still true when Doran started in March 2026. The Seawall pub had a point-of-sale system called Toast, but the servers and bartenders used it only to ring in customers' orders. Nobody tracked their time.

9. On information and belief, in or about July 2026, after a former employee made a claim against Defendants, Defendants began using Toast to track their servers' and bartenders' time and pay.

10. Toast still does not capture all the time Doran and her co-workers work. Doran usually works from about 10:00 a.m. to about 10:00 p.m., five days a week, without a meal break, or about 60 hours a week. She and the other servers and bartenders do not log into Toast when they arrive. They log in when they take their first table, usually an hour and a half to two hours after they arrive. The time they work before then, including getting the pub ready to open, is not recorded in Toast.

11. Even with Toast in place, Defendants still do not pay Doran and her co-workers $2.13 an hour for all the time they work. Toast does not include the time she worked each day before she logged in. Because Toast does not count that time, it shows fewer hours than the roughly 60 hours a week Doran actually works.

12. Defendants' payroll records in Toast show no earnings for Doran in the first, second, or third quarter of 2026, even though she began working for Defendants in March 2026.

13. Doran's only pay is the tips her customers leave. At the end of each shift, Doran runs a checkout report showing the cash she owes Defendants and the tips she earned. Defendants

take the tips and pay them out through Kickfin or through apps such as Cash App or Venmo when a worker sends a picture of their checkout report.

14. Doran regularly works more than 40 hours a week. Defendants pay her nothing for any of those hours, including the hours over 40.

15. Defendants pay the other servers and bartenders at the Seawall pub the same way. Before about July 2026, they received tips and no hourly wage, and nobody tracked their time. Since then, Defendants still have not paid them $2.13 an hour for all the hours they work. Many of them have quit because they have not been paid.

16. On information and belief, Defendants pay the servers and bartenders at the Downtown pub and the Plano pub the same way. A supervisor at the Downtown pub has told Doran that Defendants do not pay her.

17. Defendants know they must pay a cash wage. They recorded a $2.13 hourly rate in Toast for Doran and, on information and belief, for her co-workers, which is the lowest cash wage the FLSA allows for a tipped worker, and then did not pay the workers for all the hours they worked.

18. On information and belief, when workers who left Defendants complained that they had not been paid, Defendants paid some of them lump sums instead of changing the way they pay their servers and bartenders.

19. O'Neal and McGill control the pubs' hiring and firing, set the servers' and bartenders' pay, and decided not to pay them an hourly wage.

20. O'Neal, McGill, NealTom Galveston, LLC, NealTom DTGalveston LLC, and NealTom, LLC are joint employers of Doran and the Similarly Situated Workers defined in the Collective Action Allegations below.

## Allegations Regarding FLSA Coverage

21. Defendants are covered by and subject to the minimum wage and overtime requirements of the FLSA.

22. During each of the three years before this Complaint was filed, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and § 203(s)(1)(A). Defendants conducted transactions through commerce, including credit card sales, phones, electronic mail, the Internet, and payment apps.

23. On information and belief, during each of the three years before this Complaint was filed, Defendants' enterprise had an annual gross volume of sales made or business done of at least $500,000, not counting excise taxes.

24. During each of the three years before this Complaint was filed, Defendants' employees handled and sold goods and materials that moved in interstate commerce, including beer, liquor, food, and kitchen and bar equipment made outside Texas.

## Plaintiff Doran's Claims

25. The FLSA required Defendants to pay Doran and the Similarly Situated Workers at least $7.25 for every hour they worked. 29 U.S.C. § 206(a)(1)(C).

26. An employer may count a tipped employee's tips toward part of the minimum wage only if the employer pays the employee a cash wage of at least $2.13 an hour and meets the other requirements of 29 U.S.C. § 203(m)(2)(A). Defendants did not pay Doran and the Similarly Situated Workers a cash wage of at least $2.13 an hour for all the hours they worked, and did not record all the hours they worked. Defendants therefore may not count their tips toward the minimum wage and owe them $7.25 for every hour they worked.

27. The FLSA also required Defendants to pay Doran and the Similarly Situated Workers one and one-half times their regular rate for every hour they worked over 40 in a workweek. 29 U.S.C. § 207(a)(1).

28. Doran and many of the Similarly Situated Workers worked more than 40 hours in many workweeks. Defendants did not pay them overtime for those hours.

29. Defendants' failure to pay the wages the law requires, often called "wage theft," gave Defendants an unfair advantage over other restaurants and bars that pay their workers what the law requires.

30. Defendants knowingly, willfully, or with reckless disregard followed their illegal pattern or practice of failing to pay the minimum wage and overtime to Doran and the Similarly Situated Workers. Defendants began tracking their servers' and bartenders' time only after a former employee made a claim against them, and they still do not pay those workers as the FLSA requires. Because Defendants' violations were willful, the limitations period in this case is three years. 29 U.S.C. § 255(a).

**Causes of Action**

**Violation of the FLSA: Failure to Pay the Minimum Wage**

31. Defendants violated the FLSA by failing to pay Doran and the Similarly Situated Workers at least $7.25 for every hour they worked.

32. Doran and the Similarly Situated Workers have suffered damages as a direct result of Defendants' illegal actions.

33. Defendants are liable to Doran and the Similarly Situated Workers for their unpaid minimum wages, an equal amount as liquidated damages, attorney's fees, and costs of court. 29 U.S.C. § 216(b).

**Violation of the FLSA: Failure to Pay Overtime**

34. Defendants violated the FLSA by failing to pay Doran and the Similarly Situated Workers one and one-half times their regular rate for the hours they worked over 40 in a workweek.

35. Doran and the Similarly Situated Workers have suffered damages as a direct result of Defendants' illegal actions.

36. Defendants are liable to Doran and the Similarly Situated Workers for their unpaid overtime pay, an equal amount as liquidated damages, attorney's fees, and costs of court. 29 U.S.C. § 216(b).

**Collective Action Allegations**

37. Defendants' failure to pay their servers and bartenders as the FLSA requires results from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers: paying servers and bartenders only their tips, without a cash wage of at least $2.13 an hour for all the hours they work. This policy violates the FLSA. Doran's experience is typical of the experiences of the Similarly Situated Workers.

38. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals who worked as servers or bartenders at any McNeal's Tavern owned or operated by Defendants at any time during the three-year period before the filing of this Complaint.**

39. The Court should order Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow notice to be sent to them so that they have an opportunity to join this case as the FLSA allows.

**Defendants, Jurisdiction, and Venue**

40. Defendant NealTom Galveston, LLC d/b/a McNeal's Tavern is a Texas limited liability company. It may be served through its registered agent, Thomas McGill, at 1009 14th Street, Apt. 9, Plano, Texas 75074, or wherever he may be found.

41. Defendant NealTom DTGalveston LLC is a Texas limited liability company. It may be served through its registered agent, Thomas McGill, at 2205 Flat Creek Drive, Richardson, Texas 75080, or wherever he may be found.

42. Defendant NealTom, LLC is a Texas limited liability company. It may be served through its registered agent, Chris O'Neal, at 1009 14th Street, Suite 9, Plano, Texas 75074, or wherever he may be found.

43. Defendant Chris O'Neal is an individual who owns and controls the companies sued here, is a joint employer with them, and is an "employer" of Doran and the Similarly Situated Workers as defined by the FLSA. 29 U.S.C. § 203(d). He may be served at his home address of 2205 Flat Creek Drive, Richardson, Texas 75080, or wherever he may be found.

44. Defendant Thomas McGill is an individual who owns and controls the companies sued here, is a joint employer with them, and is an "employer" of Doran and the Similarly Situated Workers as defined by the FLSA. 29 U.S.C. § 203(d). He may be served at the Seawall pub, 6612 Seawall Boulevard, Galveston, Texas 77551, or wherever he may be found.

45. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Venue is proper in this district and division under 28 U.S.C. § 1391(b) because Defendants and Plaintiff transacted business here and the events underlying this Complaint occurred at Defendants' pubs in Galveston.

## Demand for Jury

46. Doran demands a trial by jury.

## Prayer for Relief

WHEREFORE, Doran and all Similarly Situated Workers who join this action ask the Court for:

1. Issuance of notice as soon as possible to all Similarly Situated Workers, informing them that this action has been filed, describing it, and explaining their right to join it;

2. Judgment against Defendants, jointly and severally, for the unpaid minimum wages owed to Doran and the Similarly Situated Workers who join;

3. Judgment against Defendants, jointly and severally, for the unpaid overtime pay owed to Doran and the Similarly Situated Workers who join;

4. An amount equal to the unpaid minimum wages and overtime pay as liquidated damages;

5. A finding that Defendants' violations of the FLSA were willful;

6. To the extent liquidated damages are not awarded, prejudgment interest;

7. Post-judgment interest at the lawful rate;

8. All costs and attorney's fees incurred in prosecuting these claims;

9. Leave to add plaintiffs by motion, by filing written consent forms, or by any other method the Court approves;

10. Leave to amend or supplement this Complaint to add claims as the facts warrant; and

11. Such further relief as the Court finds just and equitable.

Respectfully submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone

713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF NICOLE DORAN**